51 155
56 567

51 155
103 104

SUSANNAH WILKINSON v. JOHN WILLIAMS.

*Proceedings to recover possession—Certiorari.*

Summary proceedings before a circuit court commissioner, to recover possession under Comp. L. §§ 6706-7 are maintainable against a builder who refuses to turn over a building at the time fixed by his contract.

Ejectment and the statutory proceeding to recover possession are the only possessory remedies known to the law, in Michigan.

Certiorari should not be resorted to for the review of statutory proceedings to recover possession unless there is some fair ground for it on which the whole case can be disposed of justly and finally; but if a full review is desired an appeal should be taken.

Error to Wayne. (Full Court.) June 14.—June 22.

Proceedings to recover possession. Defendant brings error. Affirmed.

*S E. Engle* for appellant. A builder who keeps possession of a house after finishing it, is only a trespasser: *Shaw v. Hoffman* 25 Mich. 169; *Ferrell v. Lamar* 1 Wis. 8; the statutes permitting summary proceedings to recover possession of premises are confined to the particular cases specified in them, and cannot be enlarged: Taylor's L. & T., (6th ed.) § 713, 720; *Rawson v. Babcock* 40 Mich. 331; *Raynor v. Haggard* 18 Mich. 74; *Foss v. Van Driele* 47 Mich. 204; forcible entry and forcible detainer are distinct offences, and the complaint is the declaration and must allege the offence to be relied on: *Hoffman v. Harrington* 22 Mich. 54; *Bryan v. Smith* 10 Mich. 233.

*Fred. T. Sibley* and *Jas. C. Smith, Jr.,* for appellee.

CAMPBELL, J. Williams having been employed to build a house for Mrs. Wilkinson, and a disagreement having arisen concerning a small balance on its completion, he, instead of resorting to his statutory remedy for his lien, sued her at common law, but retained the keys and would not give up possession. Thereupon she commenced summary proceedings before a circuit court commissioner, filing a complaint in the form prescribed by section 6707 of the Compiled Laws, applicable to cases where a party holds over contrary to the agreement under which he entered. § 6706.

When the hearing came on before the commissioner the respondent raised a large number of objections claiming that the proceeding would not lie either under the earlier sections of the statute which originally applied to strictly forcible entries or detainers, or under the sections applicable to various cases of unlawful holding over without criminal force. The commissioner rendered a general decision indicating, as far as it indicates any particular ground of recovery, that he acted under sections 6706 and 6707. The

circuit court on certiorari affirmed the proceeding. The return does not set out the case precisely as claimed by the affidavit for certiorari, as it does not show that the commissioner treated it as a case of force.

Under this record the complaint and the facts both conform to sections 6706 and 6707. The builder was certainly bound at the end of his contract to turn over the house to the owner, and it would be a great hardship to compel her to resort to ejectment, which is the only other possessory remedy known to the law. We think the holding over was a holding over contrary to the terms of the agreement under which he held, and that the statutory remedy is a proper one.

In these cases of statutory certiorari, where the proceedings are summary, and the record is not required to show anything beyond the general conclusions of the tribunal, the statute requires the court from which the writ issues to do substantial justice irrespective of mere form. If a party desires a full review he should appeal and have the whole case reheard. Certiorari is not a remedy which should be allowed to be used without some fair ground which will dispose of the case justly as well as finally. The statute is express that they shall be governed by the rules applicable to certiorari from justices. § 6721.

We think that the commissioner had enough before him to enable him to make the decision which he made. This being so there is nothing else to review.

The judgment must be affirmed with costs.

The other Justices concurred.