VALENTINE LEWIS. v. CHARLES M. SHELDON.

*Landlord and tenant—Lease upon shares—Forfeiture—Summary proceedings.*

A lease upon shares is not assignable without the consent of the lessor, and its attempted assignment and delivery of possession thereunder to the assignee works a forfeiture of the lease, and the lessor may take immediate steps to regain possession; citing *Randall v. Chubb*, 46 Mich. 311.

Error to Clinton. (Moore, J., presiding.) Argued November 2, 1894. Decided December 18, 1894.

Summary proceedings to recover the possession of land. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Lyon & Dooling*, for appellant.

*Fedewa & Walbridge*, for complainant.

MONTGOMERY, J. This is a summary proceeding to recover possession of a farm in Clinton county. On April

11, 1892, the complainant leased to one James Kennedy the farm in question on shares. Kennedy went into possession of the land under the lease, and remained in possession until September 18, 1893, when he made an assignment thereof to the defendant, Sheldon. The lease was assigned by Kennedy after the complainant had notified him that he objected to his doing so, and that he claimed that the lease was not transferable to the defendant. The complainant learned of the assignment three days after it was made. On or about the 22d of September, he caused notice to be served on Sheldon, the defendant, not to do any work on the land. On the 29th of November this proceeding was instituted to get possession, under section 8295, How. Stat.

But two questions are raised: First, it is claimed that the court erred in holding that the lease was not assignable; and, second, it is contended that the defendant became a tenant at will, and entitled to three months' notice to quit.

The lease, in form, is not to be distinguished from that which was passed upon by this Court in *Randall v. Chubb,* 46 Mich. 311. The defendant earnestly contends against the doctrine of that case, but we see no reason to doubt its correctness. The conclusion was that the nature and character of the lease show that it was a personal one with the lessee, and could not be assigned by him to a third party without the consent of the lessor. Moreover, the doctrine of the case has become a rule of property, and certainly ought not to be overturned without the very best of reasons, which we do not think exist. Nor do we think the other cases in Michigan cited by defendant's counsel are in conflict with the ruling there made.

The same case is authority upon the question of the right of the complainant to recover possession. It was said:

"The attempt to assign this lease, and put another in possession thereunder, worked a forfeiture thereof, and enabled the lessor to take immediate steps to regain possession."

See, also, *Wilkinson v. Williams,* 51 Mich. 155; *Benfey v. Congdon,* 40 Id. 283.

The judgment will be affirmed, with costs.

The other Justices concurred.