GLOBE & RUTGERS FIRE-INSURANCE CO. *v.* JONES.[1]

MASTER AND SERVANT — CORPORATIONS — MERGER — CONTRACT OF
EMPLOYMENT—BREACH.

Where a corporation, which has contracted with an employé
for a fixed term, voluntarily merges with another corporation,
pursuant to the statute, before the expiration of that term, so
as to form an entirely new corporation, such merger consti-
tutes a breach of the contract, entitling the employé to dam-
ages, notwithstanding the statute authorizing the merger was
in force when the contract was entered into. So *held* with
reference to a contract between an insurance company and
its general agent.

Error to Wayne; Donovan, J. Submitted January 7,
1902. Decided March 18, 1902.

*Assumpsit* by the Globe & Rutgers Fire-Insurance
Company against James A. Jones for money had and
received. From a judgment for defendant, plaintiff
brings error. Affirmed.

*John H. Bissell*, for appellant.

*Chamberlain & Guise* (*A. C. Angell*, of counsel), for
appellee.

MOORE, J. This is an action for money had and re-
ceived. The defense is a set-off for damages from a
breach of contract alleged by defendant to have been com-
mitted by the plaintiff.

Prior to March 1, 1898, the defendant, James A. Jones,
was the local agent in Detroit for the Rutgers Fire-Insur-
ance Company. On that date he was appointed general
agent of the same company for the State of Michigan,
under a written contract. The term of the appointment
and the contract was five years from March 1, 1898. The

---

[1] Rehearing denied June 11, 1902.

defendant worked under the appointment from its date until about March 1, 1899, continuing his local agency for the same company. By the contract he was to render an account to the company monthly "on or before the 20th, and forward to said Rutgers Fire-Insurance Company a check to balance within 60 days of the close of each month." Defendant, Jones, rendered statements of account as required by the contract, showing balances aggregating $1,464.01, but failed to make remittance to the company. The balances are the amounts, less all deductions, except for the returned premiums, of which there were $62.50 in March and April, and $295.32, Jones' contingent commission of 10 per cent. on net profits at the end of each year, provided he continued in the performance of his duties under the contract. The balance due, allowing the items just mentioned, is $1,106.19, with interest from March 1, 1899.

On the 20th day of December, 1898, the Globe Fire-Insurance Company and the Rutgers Fire-Insurance Company, both corporations of the State of New York, doing business in the city of New York, were consolidated and merged in the Globe & Rutgers Fire-Insurance Company, the plaintiff in this case. This consolidation was effected under section 129, chap. 38, 2 Rev. Stat. N. Y., the material portion of which is as follows:

" Upon filing such agreement, with such assent of the directors and stockholders and approval of the superintendent, or a duplicate thereof, in the office of the clerk of the county where the office of the corporation is located, and in the office of the superintendent, such corporations shall be merged into the corporation provided for in the agreement. The details of such agreement shall be carried into effect as provided therein. The corporation may require the return of the original certificates of stock held by each stockholder in each of the merging corporations, and issue in lieu thereof new certificates for such number of shares of its own stock as such stockholders may be entitled to receive.

"Upon such merger, all the rights, franchises, and interests of the merging corporations in and to every species

of property and things in action belonging to them, or either of them, shall be deemed to be transferred to and vested in the new corporation, without any other deed or transfer, and the new corporation shall hold and enjoy the same to the same extent as if the merging corporations, or either of them, should have continued to retain the title and transact business. The new corporation shall succeed to all the obligations and liabilities of the merging corporations, or either of them, and shall be held liable to pay and discharge all such debts and liabilities in the same manner as if they had been incurred or contracted by it. The stockholders of the merging corporations shall continue subject to all the liabilities, claims, and demands existing against them, or either of them, at or before such merger."

The defense to the plaintiff's claim is that the Rutgers Fire-Insurance Company ceased to do business in the State of Michigan on or about the 30th day of December, 1898, and afterwards, by its voluntary act and deed, became consolidated with the Globe Fire-Insurance Company of New York, and the said Rutgers Fire-Insurance Company wholly incapacitated itself by its voluntary act from performing its contract aforesaid. The defendant claimed to have heard rumors in September or October, 1898, that the stock of the Rutgers Fire-Insurance Company was to be purchased by persons connected with the Globe; that he first learned that the Rutgers had ceased to do business in Michigan in March, 1899, and learned about the same time of the consolidation; that he then — in March, 1899—stopped all business under his contract, and took up all policies he had written in 1899. The general agency contract ran for five years from March, 1898. By it Mr. Jones was to be general agent for the Rutgers Company during that period. That company's State license expired January 31, 1899, and was never renewed. The plaintiff did not qualify itself in Michigan till April 17, 1899, and its license expired January 31, 1900, and was never renewed. Mr. Jones had long been local agent for the Rutgers Company, and general agent from March, 1898. He testified the officers of that company were fine

men, and the company a fine company, while he had objection to the men in control of the Globe. He said their reputation was that of wreckers, and that he objected to the character and reputation of the whole concern. He declined the general agency of the new company when offered him in May, 1899, after he had severed his connection with the company in March, when he recalled the policies written during that year. Mr. Jones did not pay over to the company any of the moneys in his hands after October, 1898, and did not notify the company of any reason for failure to do so. The circuit judge ruled that the consolidation of the Rutgers Fire-Insurance Company with the Globe Fire-Insurance Company on the 20th of December, 1898, was a breach of the contract on its part, and that the defendant was entitled to recover damages therefor to the amount of the plaintiff's claim against him for its money which he had withheld, if the jury found he had sustained that amount of damages.

Counsel for plaintiff says in his brief:

"The only question, then, to be reviewed on this record is: Was the consolidation of these two New York corporations a breach of the contract of March 1, 1898, between the Rutgers Fire-Insurance Company and the defendant, Jones?"

The following request states the claim of the plaintiff:

"The Rutgers Fire-Insurance Company is a corporation under the laws of New York. The defendant, in dealing with that company, and in making the contract of March 1, 1898, must be conclusively presumed to have dealt with the said company with full knowledge of its power and rights under the laws of the State of New York, and any act of said company authorized by the law of New York cannot constitute a breach of this contract."

It will be noticed that, by the terms of the New York statute, the two corporations were merged in the corporation provided for in the agreement. This made a new corporation. 3 Cook, Corp. § 897; *Smith* v. *Railway Co.*, 114 Mich. 460 (72 N. W. 328). Is it true, as con-

tended here, that, because one has contracted to render personal service for one corporation for a definite period of time, his contract for personal service may pass to a new corporation, made up of two or more corporations, by virtue of the merger of the two or more companies? In Wood, Mast. & S. § 91, it is said:

"When a person contracts to work for another for a term, the parties are treated as having contracted in reference to the personal qualities of each other, and the master cannot shift his liability by turning the servant over to another master before the term is ended, nor can the servant compel the master to accept the services of another person in lieu of his own. The consent of the parties is essential to effect a substitution, and this is true even though the servant is ill, and unable to labor himself."

*Litka* v. *Wilcox*, 39 Mich. 94; *Randall* v. *Chubb*, 46 Mich. 311 (9 N. W. 429, 41 Am. Rep. 165); *Lewis* v. *Sheldon*, 103 Mich. 102 (61 N. W. 269); *Edison* v. *Babka*, 111 Mich. 235 (69 N. W. 499); *City of Marquette* v. *Wilkinson*, 119 Mich. 413 (78 N. W. 474, 43 L. R. A. 840).

Every one knows that insurance companies, like individuals, differ in reputation and methods of doing business. An insurance agent of large experience might be quite willing to act as State agent for one insurance company, when he would not be willing to work for another upon any terms. He has a right to say for whom he will work, and under a contract to work for one company he cannot be required to work for an entirely different company.

Judgment is affirmed.

HOOKER, C. J., and GRANT, J., concurred. LONG and MONTGOMERY, JJ., did not sit.