MARVIN v. HARTZ.

1. ASSIGNMENT OF LEASE—RECOVERY OF POSSESSION.

Where a lessee covenants not to assign, the lessor, who has not consented to the assignment, may recover possession from the assignee of the lessee, under the provisions of 3 Comp. Laws, § 11164.

2. POSSESSION OF LAND—SUMMARY PROCEEDINGS—ESTOPPEL.

Where the complaint and summons complied with sections 11165, 11166, 3 Comp. Laws, relating to summary proceedings to recover possession of land, a statement by complainant's counsel, in his opening to the jury and in his argument to the court, that the complaint was made for a forcible detainer, does not estop complainant from recovering under the statute relating to summary proceedings.

Error to Wayne; Donovan, J. Submitted January 28, 1902. (Docket No. 75.) Decided March 18, 1902.

Summary proceedings by Curtis W. Marvin against John C. Hartz to recover the possession of land. From a judgment for defendant on verdict directed by the court, complainant brings error. Reversed.

` *Tarsney & Fitzpatrick* (*Frank E. Doremus*, of counsel), for appellant.

*Adolph Sloman*, for appellee.

MONTGOMERY, J. This case originated before a circuit

court commissioner, and is a summary proceeding insti-
tuted to recover possession of land. The case found its
way into the circuit court, and, on a trial before the court
and a jury, a verdict was directed for the defendant, and
the complainant brings error.

The evidence on the trial tended to show that the com-
plainant leased these premises to one Jacob Berlin; the
lease containing a covenant by the lessee not to assign or
transfer the lease, or sublet the premises, or any part there-
of, without the written assent of the lessor. The lease also
provided that, if default should be made in any of the
covenants therein contained, it should be lawful for the
first party to re-enter into and repossess the premises, and
the said party of the second part, and each and every other
occupant, to remove and put out. The evidence tended to
show that Berlin assigned his lease to defendant, Hartz,
without the consent or approval of the complainant, and
this proceeding was thereupon instituted.

It was stated in *Randall* v. *Chubb*, 46 Mich. 311 (9 N.
W. 429, 41 Am. Rep. 165), that an unauthorized assign-
ment of a lease, and attempt to give the assignee posses-
sion, works a forfeiture of the lease, and that the lessor
may take immediate steps to recover the premises. This
case was followed in *Lewis* v. *Sheldon*, 103 Mich. 102 (61
N. W. 269). These cases were cases where the lease was
found to be personal, because of the character of the ten-
ancy. But where the lessee covenants that he will not
assign, and the lease further provides that a breach of
such covenant shall work a forfeiture, it is even clearer
that the complainant may repossess himself of the prem-
ises. We think that, if the case as asserted by complain-
ant was sustained, the tenant was holding contrary to the
provisions of the lease, and that the case falls within the
provisions of 3 Comp. Laws, § 11164.

But the case was determined below upon the ground
that this was a proceeding under the forcible entry and
detainer act, and that as it did not appear that the defend-
ant entered by force, or continued in possession of the

premises by force, complainant was not entitled to maintain the action. The pleadings in the case consisted of the complaint and summons, which complied with 3 Comp. Laws, §§ 11165, 11166. It appears that the complainant, in his opening statement to the jury and in his argument to the court, claimed that the complaint was made and this proceeding brought for forcible detainer, under the statute relating to forcible entries and detainers, being chapter 286, 2 How. Stat. This chapter is headed, "Proceedings to Recover the Possession of Land in Certain Cases," followed by a subtitle, "Of Forcible Entries and Detainers," and after section 11 another subtitle, "Summary Proceedings to Recover the Possession of Land in Other Cases." For some reason the title, "Forcible Entry and Detainer," is carried forward at the top of the page throughout the entire chapter relating to summary proceedings,—an error which is corrected in 3 Comp. Laws 1897. The question is whether anything that appears in the record ought to be held to estop the complainant from now arguing that a forcible detainer was not essential to the maintenance of the case. We think not. It is not a case where the complainant has shifted his proofs, nor where the pleadings were not sufficient to apprise the defendant of the case he is called upon to meet. When the complainant rested his case, the defendant took the initiative, and moved for a directed verdict. The most that can be said is that the complainant did not make his right clear to the court. The defendant ought not to complain that his own motion was granted because the argument of the complainant did not meet the contention which he (defendant) erroneously made.

The judgment will be set aside, and a new trial ordered.

Hooker, C. J., Moore and Grant, JJ., concurred. Long, J., did not sit.