BEACH *v*. RICE.

1. QUIETING TITLE—ACTION AT LAW—ADEQUATE REMEDY—EQUITY.
   While the court of equity has jurisdiction to enjoin repeated trespasses upon lands, yet it is not authorized to try defendant's right to the possession of real property of which he claims actual possession and title, evidenced by acts of control and occupancy.

2. WATERS AND WATERCOURSES—LAKES—QUIETING TITLE—INJUNCTION.
   Where complainant filed a bill of complaint claiming title to an inland lake and asking the court to enjoin defendant from trespassing upon the lake and to prevent trespasses upon a parcel of land abutting upon the body of water, and the evidence showed that defendants claimed title to the land and their right to fish in the lake adjoining their property, also that they had asserted ownership by acts of a possessory nature similar in character to the acts of complainant and relied upon the same as showing title by adverse possession, the court correctly held that the title to the land should be determined at law.

Appeal from Livingston; Miner, J. Submitted January 5, 1915. (Docket No. 2.) Decided June 7, 1915.

Bill by Hiram G. Beach against Hugh H. Rice and another for an injunction and further relief. From a decree denying complainant a part of the relief prayed for, he appeals. Affirmed.

*Robert M. Brownson,* for complainant.

*Shields & Shields,* for defendants.

BROOKE, C. J. Silver lake, located near the village of Hamburg in Livingston county, is a small oval-shaped body of fresh water without visible inlet or

outlet, and has an area of approximately 100 acres. The complainant has undisputed title to perhaps a quarter of the shore line, and is likewise the undisputed owner of about 55 acres of land covered by water. In the southeast corner of said lake there lies a piece of ground almost entirely covered by water, having an area of 25 acres and being described as the "north 25 acres of the northwest quarter of the southeast quarter of section 36, town 1 north, range 5 east." The entire 40 acres, consisting of the northwest quarter of the southeast quarter, was patented on October 10, 1840, to one Thomas J. Rice, who was the father of defendant Hugh H. Rice, and grandfather of defendant Thomas J. Rice. The north 25 acres of said description was sold for the taxes of 1841 and 1843 to one Albert Crane, and the deeds to Crane were duly recorded. On November 14, 1853, Albert Crane and wife deeded, by quitclaim deed, the premises to Francis Crawford. On November 2, 1892, Francis Crawford deeded this same 25 acres by quitclaim deed to Hiram J. Beach, complainant in this case.

For more than 20 years last past complainant has operated upon the shores of said lake an enterprise something in the nature of a summer resort. He claims to have stocked the lake with fish from time to time; he kept boats for the use of his guests at the lake, and permitted such guests to fish in the waters thereof where such waters lay above the lands to which he had and claimed title. He did not acquire title to all his holdings around and under the lake at the same time, but at the time the bill was filed he had acquired title as hereinbefore set forth. For many years past disputes have arisen between the complainant and other residents upon the margin of the lake, including defendants, as to his and their rights to fish in the waters thereof. These disputes resulted in much litigation. Suits for trespass

brought by the complainant were met with criminal prosecutions for assault and battery brought against him. The most fruitful source of litigation seems to have been supplied by the disputed title to the 25 acres lying in the southeast corner of the lake. It should be noted, perhaps, that Thomas J. Rice, to whom the 40 acres had been patented by the United States government, left a will by the terms of which the defendant Hugh H. Rice was given a life estate in the home farm, which included the 25 acres in question, with remainder over to the children of said Hugh H. Rice, among whom is included the defendant Thomas J. Rice. About the year 1902 Hugh H. Rice brought a suit in ejectment against the complainant Hiram J. Beach to recover possession of said 25 acres. This suit was tried in the circuit court for the county of Livingston, and resulted in a judgment in favor of defendant in that suit, complainant in this. That judgment was not reviewed by writ of error, but since the entry of that judgment in 1902, defendant Hugh H. Rice and his sons continued as before to use the waters overlying the 25 acres in dispute, claiming to do so of right. They fished thereon as occasion required; they either cut or authorized the cutting of marsh hay on one or more occasions on a portion thereof; and they permitted strangers to go upon the surface of the lake in the winter time to cut and carry away ice therefrom. In addition to these acts they loaned or hired boats to guests or friends, and authorized and instructed such guests to go upon and over the waters covering the 25 acres in question, claiming that the Rice estate was the true owner thereof, and that the complainant had no right to prevent, or attempt to prevent, the defendants Rice or their agents or guests from the full and free use thereof. They likewise, shortly prior to the filing of the bill in this cause, caused to be placed signs

186 Mich.—7.

upon and in the edge of said 25-acre strip labeled "Rice Estate." It was the claim of the complainant that the defendants and their agents and guests not alone trespassed continuously upon the 25 acres in question, but likewise trespassed intermittently upon other portions of the lake, the title to which is not in dispute. Such being the situation, complainant filed his bill of complaint, setting out in detail his claims of title to the land owned by him around and under the waters of the lake, including the 25 acres in question. Defendants answered, denying complainant's title to the 25 acres, and asserted ownership therein. The case was heard in open court, and both parties introduced testimony at large.

On behalf of the complainant it was shown that after he had acquired the Crawford tax deeds covering the 25 acres, in 1902, he had erected at the south end of the lake, and upon the 25 acres, a small structure something like a summerhouse, about six or eight feet square, from which his guests might fish, and, further, that upon many occasions he had warned guests or friends of the defendants off those premises, and that much of the trouble and litigation during the past 25 years had resulted because defendants continued to insist that they were the owners of the 25 acres in question, and that they and their friends and patrons had a perfect right to this use. Complainant further showed that since he had acquired title to the disputed area, the same had been assessed to him, and he had paid taxes thereon, and that no taxes had been paid by the defendants or either of them, or by any other person on behalf of the Rice estate.

On behalf of defendants it was claimed that for upwards of 60 years after the making of said tax deeds by the auditor general the grantees therein had taken no steps to acquire possession of the property described in said deeds and that they and their ante-

cedent in title, Thomas J. Rice, had claimed to exercise, and had exercised, such dominion over the 25 acres as was ordinary and possible, considering the character of the land. They further showed that while since 1892 the complainant had claimed to be the owner of said land in question and had asserted such ownership through the erection of the summer-house before mentioned, and by instructing his guests that they had a right to fish in the waters covering said 25 acres, that they, defendants, had never at any time acquiesced in complainant's claims, and that they had at all times asserted, and now assert, that they are in truth and in fact the owners of said land.

Under this state of facts, the learned trial judge who heard the case made the temporary injunction, which had theretofore been issued against defendants, as to all of the property claimed by the complainant, permanent as to all of said lands except the 25 acres in the southeasterly portion of the lake, and as to that area he dismissed complainant's bill upon the ground that the question of the title to said premises was in issue in the proceeding, that a court of equity was without jurisdiction to determine that question, and that the rights of the parties should be adjudicated in a court of law in an action of ejectment. From the decree so made the complainant appeals.

Defendants do not appeal. We, therefore, find it unnecessary to consider the claim of the defendants that each riparian owner upon a small inland lake has a right to take fish from any portion of the lake upon which his lands border.

By making the injunction permanent against defendants as to those lands the title to which is unquestionably in complainant, the learned circuit judge disposed of this question contrary to the contention of defendants made in this court, and from that determination defendants have not appealed.

Many authorities are cited by the appellant to the effect that the court has jurisdiction in the premises to enjoin repeated trespasses upon the property owned by complainant. There is no doubt of such jurisdiction, provided the complainant is in possession of the property upon which such trespass is made, and here exactly lies the difficulty with complainant's position. It is elementary that the title to real estate can be determined, against one in actual possession claiming to be the owner, only by an action at law in ejectment. *Hoffman* v. *Beard,* 22 Mich. 59; *King* v. *Carpenter,* 37 Mich. 363; *Wilkinson* v. *Williams,* 51 Mich. 155 (16 N. W. 319); and *Dolph* v. *Norton,* 158 Mich. 417 (123 N. W. 13).

We think this record fairly shows that the complainant has not been able, during the past 20 years, to maintain an adverse, open, notorious, and exclusive possession of the 25 acres in question. He himself alleges in his bill of complaint that the defendants have asserted ownership in the 25-acre piece, and that they have, through themselves or agents, been in partial possession thereof from time to time, such possession consisting in acts and conduct on the part of the defendants similar in character to those relied upon on the part of the complainant to establish the fact that he has been in possession.

We are of opinion that the court below correctly held that the title to said 25 acres should be determined in an action of ejectment.

The decree of the court below is affirmed.

McAlvay, Kuhn, Stone, Ostrander, Bird, Moore, and Steere, JJ., concurred.