## WOODS v. JOHNSON.

1. SPECIFIC PERFORMANCE—DISCRETION OF COURT.

Specific performance is not a matter of course but rests in the sound judgment and discretion of the court under all the circumstances of each case and it is not arbitrary and capricious but regulated by well-settled principles.

2. SAME—CONTRACTS—MUTUALITY—CERTAINTY—PERFORMANCE.

In order that specific performance may be granted of a parol contract, it must be mutual and the tie reciprocal and it must be certain in all essential particulars; there must be acts of part performance unequivocally referring to and resulting from the agreement which, as set up in the bill of complaint, must appear to be the one claimed to have been performed.

3. SAME—EQUITY—JURISDICTION—FRAUD.

Ground of interference by court of equity in specifically performing parol agreement is not simply proof of its existence but fraud on part of defendant in resisting completion of agreement partly performed.

4. CONTRACTS—EVIDENCE—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED.

Parol evidence held, sufficient to establish contract whereby plaintiff was to take personal care of deceased during her lifetime and at her death her property was to go to plaintiff in con-

sideration therefor, where plaintiff was prohibited from testifying as to matters equally within knowledge of deceased (3 Comp. Laws 1929, § 14219).

5. SAME—ASSIGNABILITY.

Contracts of a personal nature, contemplating personal association and continuing service are not assignable.

6. SPECIFIC PERFORMANCE—EXECUTORY AND EXECUTED CONTRACTS— LACK OF MUTUALITY IN REMEDY AS DEFENSE.

Lack of mutuality in the remedy, a defense to specific performance of an executory contract of a personal nature for continuing services, is no defense where plaintiff has fully performed hitherto unenforceable promise.

7. SAME—PAROL CONTRACTS—PERFORMANCE.

Evidence that plaintiff fully performed more or less indefinite parol contract of a personal nature for continuing services to the satisfaction of elderly lady, now deceased, *held*, to entitle plaintiff to specific performance of definite agreement for conveyance of all of deceased's property.

Appeal from Calhoun; Hatch (Blaine W.), J. Submitted January 12, 1934. (Docket No. 69, Calendar No. 37,465.) Decided March 6, 1934.

Bill by Emily Woods against Georgia Johnson, Malinda Tyler and Old-Merchants National Bank & Trust Company of Battle Creek, as administrator of the estate of Matilda Snodgrass, for specific performance of parol contract. Decree for plaintiff. Defendants appeal. Affirmed.

*James R. Golden* and *James H. Mustard,* for plaintiff.

*Maxwell B. Allen* and *Ronald M. Ryan,* for defendants.

POTTER, J. Frank Snodgrass, a well-known resident of the city of Battle Creek, died nearly 40

years ago, leaving as his widow Matilda Snodgrass. By reason of his death she became possessed of a considerable amount of property. She had a valuable piece of real estate and some personal property at her death. After her death the Old-Merchants National Bank & Trust Company of Battle Creek was appointed administrator of her estate by the probate court of Calhoun county. Several claims were filed against her estate and allowed by the probate court, and some taxes, fees, costs and expenses of administration accrued.

Plaintiff filed a bill against the defendants Georgia Johnson and Malinda Tyler, sisters of deceased, and against the Old-Merchants National Bank & Trust Company of Battle Creek, administrator, for specific performance of a contract upon the part of Matilda Snodgrass, with plaintiff, that if plaintiff would, during the remainder of the lifetime of Matilda Snodgrass, treat her as her own grandmother, look after and take care of her in sickness and in health during the remainder of her life, Matilda Snodgrass would look upon plaintiff as her own grandchild, that all of her property, both real and personal, would pass to plaintiff at the death of Matilda Snodgrass in consideration of such care and attention. Plaintiff alleges she fully carried out and performed the contract and prays for specific performance. From a decree for plaintiff, defendants appeal.

Specific performance is not a matter of course but rests in the sound judgment and discretion of the court under all the circumstances of each particular case. Such discretion is not arbitrary and capricious but regulated by well-settled principles. The contract or agreement sought to be enforced must be mutual and the tie reciprocal. It must be certain in all essential particulars. There must be acts of

part performance, unequivocally referring to and resulting from the agreement. The agreement set up in the bill of complaint must appear to be the one claimed to have been performed.

The ground of interference by a court of equity in specifically performing a contract is not simply that there is proof of the existence of the parol agreement, but fraud upon the part of defendants in resisting the completion of the agreement partly performed. Fundamentally, "the ground on which the court acts at all, in these cases, is fraud, in refusing to perform after performance by the other party. The allowing any other construction upon the statute of frauds would be to make it a guard and protection to fraud." *McMurtrie* v. *Bennette,* Harr. Ch. 124.

Plaintiff was prohibited by statute (3 Comp. Laws 1929, § 14219) from testifying at all to matters equally within the knowledge of the deceased. To establish the contract alleged resort was had to parol testimony. Many witnesses were sworn who testified the deceased, Matilda Snodgrass, told them she had made an agreement with plaintiff whereby plaintiff was to take care of her during her lifetime and that at her death the property of Matilda Snodgrass was to go to plaintiff in consideration therefor. The contract between the parties was one of a personal nature and contemplated personal association and personal service. *Litka* v. *Wilcox,* 39 Mich. 94. Such contracts are not assignable. *Litka* v. *Wilcox, supra; Globe & Rutgers Fire Ins. Co.* v. *Jones,* 129 Mich. 664. Such contracts ordinarily during the lifetime of the parties will not be decreed to be specifically enforced but the parties will be left to their remedy at law.

"Contracts for affirmative personal service consisting of a succession of acts, the performance of

which cannot be consummated in one transaction, but must continue for a time, definite or to become definite, and which involve special knowledge, skill, judgment, integrity, or other like personal qualities, the performance of which rests in the individual will and ability, and involving continuing duties which a court of equity could not well regulate, are not, as a rule, enforceable by decree for specific performance." *Heth* v. *Smith,* 175 Mich. 328.

The reason for denying specific performance in this class of contracts is the want of mutuality. The holdings in this State are in accordance with the general rule. 58 C. J. pp. 871, 872. The doctrine of mutuality of remedies applies only to executory contracts and not to executed contracts. Accordingly, if plaintiff has fully performed her unenforceable promise, the fact that before such performance there was a lack of mutuality in the remedy is no defense. 58 C. J. p. 875. Many authorities are collected sustaining this rule in *Reo Motor Car Co.* v. *Young,* 209 Mich. 578.

"The objection for want of mutuality is not of any force, when the part of the contract difficult of enforcement has been actually fulfilled. As no legal remedy would be at all adequate, the remedy in equity must prevail, unless there is some other obstacle." *Welch* v. *Whelpley,* 62 Mich. 15 (4 Am. St. Rep. 810).

If plaintiff carried out and performed the contract alleged, lack of mutuality of remedy during the lifetime of Mrs. Snodgrass is no defense.

The testimony shows that plaintiff frequently took care of Mrs. Snodgrass, cleaned her house, took care of her evenings, and in the nighttime; that Mrs. Snodgrass was sick at the home of plaintiff; that plaintiff took care of her baths, gave her rubs, ad-

ministered medicines, fixed her pillows, moved her bed around and generally took care of her; and that after Mrs. Snodgrass returned to her own home Mr. and Mrs. Woods did the heavy work around the home, mowed the lawn, carried out the ashes, carried in the coal, and that plaintiff did general housework, cooked in the kitchen, visited Mrs. Snodgrass nearly every day during the past 10 years of her life, washed, cooked, did sweeping, dusting, ironing, making beds, and doing general housework for her. The testimony indicates that the plaintiff fully carried out and performed the contract and that Mrs. Snodgrass appreciated such performance saying that, "If it wasn't for this woman I would be a long time dead."

It is contended the contract was indefinite. Parol contracts are usually more or less indefinite. The parties may disagree as to their terms but there was no disagreement between the parties to the contract here involved. The contract provided for the performance of personal services by plaintiff, and if such personal services were performed to the satisfaction of Mrs. Snodgrass, no one else may complain. The agreement was definite that upon the performance of these personal services as alleged, Mrs. Snodgrass was to give plaintiff all of the property both real and personal of which she died seized. Mrs. Snodgrass executed neither a will nor a deed. It is possible she did not intend to do either. Had Mrs. Snodgrass in her lifetime deeded the real estate in question to plaintiff in consideration of the performance by plaintiff of the contract alleged, plaintiff would, so long as Mrs. Snodgrass lived, have held the same as trustee to secure to Mrs. Snodgrass the performance of the contract by plaintiff. *Cornell* v. *Whitney,* 132 Mich. 300; *Wool-*

*cott* v. *Woolcott,* 133 Mich. 643. Upon the death of Mrs. Snodgrass, the contract having been fully performed by plaintiff, she was entitled to specific performance as decreed by the trial court whose decree is affirmed, with costs.

Nelson Sharpe, C. J., and North, Fead, Wiest, Butzel, Bushnell, and Edward M. Sharpe, JJ., concurred.