DARBY *v.* MONROE BANK & TRUST

1. CONTRACTS—WILLS—EVIDENCE.

Testimony, expressly found by the trial court to be credible, tending to prove the existence of a mutual and certain agreement to make a will devising real estate to the plaintiff in exchange for care of decedent by her supported a finding that there was such an agreement.

2. PLEADING—COMPLAINT—AMENDMENT—DISCRETION.

Court did not abuse in allowing plaintiff to amend the complaint to conform to the proofs where the court at pretrial had allowed plaintiff 30 days to amend the complaint and the amended complaint was prepared within that time but not filed or served on the defendant until a week before trial because, plaintiff's attorney alleged, it was mislaid in his office, and where it does not appear that defendant was prejudiced by the amendment and defendant did not request a continuance.

Appeal from Monroe, William J. Weipert, Jr., J. Submitted Division 2 November 13, 1970, at Detroit. (Docket No. 9229.)  Decided January 29, 1971.

Complaint by Jean Darby against Monroe Bank & Trust, administrator of the estate of Alonzo P. Dusseau, deceased, for specific performance of an oral agreement to make a will.  Judgment for plaintiff.  Defendant appeals.  Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1]  57 Am Jur, Wills § 185 *et seq.*
[2]  41 Am Jur, Pleading §§ 293, 309, 310.

*C. L. Williamson,* for plaintiff.

*Ready, Braunlich & Ready,* for defendant.

Before: V. J. Brennan, P. J., and Levin and Peterson,* JJ.

Per Curiam. Plaintiff sued for specific performance of an oral agreement to make a will devising real estate to the plaintiff, alleging that such an agreement was made in consideration of her living on the premises with appellant's decedent and caring for him. The trial judge found that there was such an agreement and granted the relief prayed.

Appellant contends that there was insufficient evidence to warrant the trial judge's finding. Findings of fact were made by the trial judge which reflect a meticulous examination of the conflicting testimony, viewed with the requirement that the proponent of such claims bears a particularly heavy burden of proof. *Teason* v. *Miles* (1962), 368 Mich 414. The record discloses testimony, which the trial judge expressly found to be credible, tending to prove a mutual and certain agreement, performed by the plaintiff.

The findings of fact are dispositive under GCR 1963, 517.1, not being clearly erroneous, and supporting the conclusion drawn therefrom by the trial judge. *McDaniels* v. *Schroeder* (1968), 9 Mich App 444; *Woods* v. *Johnson* (1934), 266 Mich 172.

Appellant also contends that the trial court erred in allowing plaintiff to file an amended complaint. The trial court considered appellant's objection, withheld immediate ruling and then allowed the amendment after proofs were closed, finding that it conformed to the proofs.

* Circuit judge, sitting on the Court of Appeals by assignment.

At pretrial, the court had allowed 30 days for amendment and the amended complaint was prepared within that time. It was not filed or served on appellant until a week prior to trial, plaintiff's attorney alleging that it was inadvertently mislaid in his office. No request for continuance was made by appellant under GCR 1963, 118.3, and it does not appear that appellant was prejudiced by the amendment.

We find that the trial judge properly acted within his discretion. *Grant* v. *National Manufacturer & Plating Co.* (1932), 258 Mich 453.

Affirmed. Costs to appellee.