## DRUM VS. HOLTON.

1. FALSE RETURN — PLEADING. A declaration against a sheriff for a false return, must aver with certainty and particularity wherein the falsity consists, and a declaration which avers that the defendant "falsely and deceitfully returned that, etc.," without stating in what respect the return was false, is too vague and general, and is bad on demurrer.

2. FORCIBLE ENTRY, ETC. — WRIT OF RESTITUTION. A writ of restitution in proceedings for forcible entry and detainer, will not authorize the sheriff to dispossess one who was not privy to the defendant's forcible entry and detainer, and who is a stranger to the parties and the record. It only authorizes him to dispossess the defendant and his privies, and it cannot have the force and effect of a writ of possession, in an action of ejectment.

ERROR to the District Court for *Milwaukee* County.

*Drum* sued *Holton*, in an action on the case for a false return charged to have been made by him as sheriff of Milwaukee county. The case is fully stated in the opinion of the court.

*Peter Yates*, for plaintiff in error:

Where a demurrer is to the whole declaration, and any one count is good, the demurrer must be overruled. The first and second counts are good; whether the sheriff's return that he had given *Drum* peaceable restitution was false, was a matter of proof and not of pleading. It was sufficient to allege in general terms that it was false. 2 Chitty's Plead. 748; 5 Wend. 309; 9 Cow. 22; 1 Chitty's Plead. 212-214, and 223. It was the duty of the sheriff under the writ to give *Drum* peaceable possession, without which he could not give restitution. The writ was like the writ of *habere facias possessionem.* If it was otherwise, it would always be, in

the power of the defendant to substitute a stranger in possession and defeat the ends of the law. The third count is not liable to the objections taken to the first and second, and the allegations as to third persons in that count may be rejected as surplusage.

*Levi Hubbell,* for defendant in error. 1. The matter alleged in the first count is immaterial. The writ did not command the sheriff to give the plaintiff peaceable *possession,* but peaceable *restitution.* Restitution is the act of returning or restoring to a person some thing or right of which he has been unjustly deprived. When Butler was removed, then *Drum's* thing or right of which he had been unjustly deprived by the forcible entry and detainer was returned, restored or *restituted* to him.

2. The two first counts are bad for want of certainty. Whatever is necessary to be proved must be stated. Gould's Plead. 172, § 7. Some circumstances or fact showing how or wherein the return was false and deceitful should have been alleged. 1 Tidd's Prac. 457; Gould's Plead. 174, § 11. Facts only are to be stated, not inferences of law. 1 Saund. Plead. 415, 417 ; 4 East, 422 ; 5 Term R. 623 ; 1 Chitty's Plead. 214.

3. That part of the third count which states that the defendant did not nor would cause the plaintiff to have peaceable restitution of the premises, etc., is bad for generality and want of certainty. A declaration in slander might as well charge the defendant with having slandered the plaintiff without giving the words. Gould's Plead. 172, § 7 ; 183, § 29 ; 174, § 11.

4. That part of the third count relating to the possession of J. Butler and Pentheny is bad for immateriality. The possession of these parties was not the subject of complaint in the original suit, and when the rights of which the plaintiff had been unjustly deprived by the forcible entry and detainer of Cornelius Butler were restored to him, the writ was executed and he had peaceable restitution. The writ could not go further than the original complaint and the judgment founded on it, and if the plaintiff

wished to reach other persons by the writ, he should have included them in the suit.

5. A writ of restitution in forcible entry and detainer is very different from a writ of possession in ejectment. The proceeding in forcible entry and detainer is against the wrong-doer; in ejectment the proceeding is against the land. In the one case a *right* is restored; in the other, the *land* itself.

DUNN, C. J.    Error is prosecuted in this case to reverse the decision of the district court of Milwaukee county, sustaining the demurrer of defendant to plaintiff's declaration, and entering judgment in favor of defendant.

The plaintiff in this action declared in case against the defendant *Holton*, setting out his cause of action in three counts: The first reciting substantially a certain proceeding in an action of forcible entry and detainer, theretofore had in favor of plaintiff against one Cornelius Butler, before Clinton Walworth, Esq., a justice of the peace, wherein the plaintiff recovered judgment of restitution of the N. W. ¼ of section fifteen, in Town 8, in Range 21, in the county of Milwaukee, against said Butler, on which judgment a writ of restitution issued in favor of plaintiff against Butler, directed to the sheriff or any constable of said county, commanding, among other things, "that, taking with him the force of the county if necessary, he cause the said Butler to be immediately removed from the aforesaid premises, and the said *Hugh Drum* to have peaceable restitution of the same, and thereof with the said writ make due return within thirty days;" that said writ was delivered to the defendant, who then was and continued until the return day of said writ sheriff of said county; and that he, the defendant, so being sheriff, afterward, on the return day of said writ, falsely and deceitfully returned upon the writ to the court of the said justice, "that he had removed the said Cornelius Butler from the premises mentioned, and had given the said *Hugh Drum* possession of the same,"

whereby the said plaintiff is injured, etc. The second count recites the same proceedings, and avers "that said defendant, as such sheriff, falsely and deceitfully returned on the said writ that he, as such sheriff, had removed the said Butler from the premises mentioned in said writ, and had given the said *Hugh Drum* peaceable restitution of the same," whereby said plaintiff hath been injured, etc. The third count contains a recitation of the same proceedings, and delivery of the writ to defendant, as sheriff, and avers "that Thomas Pentheny, Patrick Pentheny and John Butler, at the time of the delivery of the writ to the defendant, as sheriff, and from thence until the return day of the writ, were upon the said premises, occupying houses thereon situate and being, and holding the same and the possession of the said premises without the consent and against the will of plaintiff;. and the said defendant, at any time during that period, might have removed the said Thomas, Patrick and John from the same, by virtue of said writ, if he would so have done, whereof the said defendant so being sheriff, had due notice, yet the said defendant, as such sheriff, intending to injure plaintiff, did not, nor would, at any time before the said return of the said writ (although often requested so to do), remove, or cause to be removed, the said Thomas, Patrick and John, or either of them, or cause peaceable restitution of the said premises, as he was commanded, but wholly failed and made default therein; and the said Thomas, Patrick and John did not remove, nor did either of them remove from said premises, but continued to hold the same without the consent and against the will of said plaintiff, whereby he hath sustained injury," etc.

There can be no question but that the two first counts are clearly defective, and do not entitle the plaintiff to recover upon the case presented in either count. The rule of law is imperative, that where you seek to make a sheriff liable for a false return of a writ, *you must aver with certainty and particularity wherein the falsity consists*, for the reasons: 1. That you are required

to apprize the defendant of what he has to defend against. 2. That the jury may correctly understand the true issue between the parties. And 3. That the court may be enabled to pronounce a correct judgment upon the case presented.    1 Chitty's Plead. 214.

The allegation of *falsity* in the return is too vague and general; it is not set forth with that certainty and precision which is requisite to apprize the opposite party of what is meant to be proved, in order to give him an opportunity to answer or traverse it, or to inform the court whose duty it is to declare the *law* arising upon the facts.    1 Chitty's Plead. 255 ; 3 Black. Com. 395.

These principles are fully recognized in *Pangburn v. Ramsey*, 11 Johns. 141.

The third count is not obnoxious to the objection of want of certainty and precision in setting out the facts which show the falsity of the return as relied on by plaintiff to entitle him to recover.   The question to be examined is, do the facts relied on in the third count, as establishing the falsity of the return, admitting their truth, as the demurrer does in law, amount to a false return and entitle the plaintiff to recover in this action?

We are of opinion that they do not.   In considering this question, we must look to the proceeding in *forcible entry and detainer*.   It partakes of the nature of a criminal proceeding, for upon conviction of the defendant, the justice may impose a fine for the force used, as limited by our statute.   The complaint is direct and special (not general) against the defendant or defendants named ; the issue is between the plaintiff who makes complaint and the person or persons complained of; the finding of the jury is and must be according to the issue ; and the judgment of the justice in consonance with the finding of the jury.   After judgment a writ of restitution issues, following the proceedings and judgment, commanding the sheriff or other officer, that, taking with him the aid of the county, if necessary, he oust or dispossess the defendant by name (in the case at bar, Cornelius Butler) of the premises

described in the complaint, and restore the plaintiff to peaceable possession thereof. We understand from the very nature of this proceeding, that as in its inception, it is based upon a complaint against a particular party named (and the plaintiff in his complaint may include as many as are guilty) ; as the issue is between the party complained of and the plaintiff, as the finding of the jury is upon that issue, as the judgment of the justice is upon that finding, and as the writ of restitution is upon that judgment, the sheriff is not required by law to travel out of the writ and dispossess any others than those named in the complaint, judgment and writ. Great stress is laid on that part of the command of the writ which is in these words, following the ouster of defendant : "and cause the said plaintiff to have peaceable restitution of the same," and it is insisted that the command of the writ is not obeyed until all who may be in possession of any part of the premises, whether privy to defendant's forcible entry and detainer or not, or whether strangers to the record or parties thereto, are ousted. This appears to the court to assume for plaintiff, by means of his writ and the aid of the sheriff, an over-strained and unreasonable power over the rights of parties who are not complained of, and are in no wise precluded by any judgment of the law in a proceeding to which they were parties, or might by any rule of law have made themselves parties. Certainly the whole command of the writ (and we must take the whole together), only required the sheriff to oust the defendant, Cornelius Butler (and privies), who alone was complained against, and make to the plaintiff peaceable restitution of the premises, so far as he had been dispossessed by that identical defendant and those assisting him. This case cannot be assimilated in this respect to the proceeding on a writ of *habere facias possessionem*, in ejectment. In forcible entry and detainer, the mere possession at the time of the entry complained of is brought in question. If the plaintiff were in possession, and the defendant forcibly entered, although he may have

been the owner in fee, this action will lie; it merely in-
quires into the plaintiff's possession and defendant's
forcible entry; and the sole object is to oust the defendant
and restore possession to the plaintiff of that of which the
defendant alone has forcibly ousted him. In this action,
no one but the plaintiff who complains, and the defendant
or defendants complained of, can be admitted as parties,
by any rule of law. In ejectment, the title is in ques-
tion; the plaintiff must recover upon the strength of his
own title against the world, and not on the weakness of
his adversaries' title.

Any one having adverse title may come in and defend.
The writ commands the sheriff to cause the plaintiff to
have peaceable possession of the premises (to which, be
it remembered, he has proven title as against every one,
any one having adverse title being authorized to come
in and defend), and the plaintiff may point out the prem-
ises to the sheriff and direct who are to be dispossessed;
in such case, the sheriff is not a trespasser if he oust a
person improperly, but the plaintiff is. And if under
this writ the sheriff oust any one who is rightfully on the
premises, he may be restored, according to English law
and practice, in a summary way, by motion to the court,
being a court of superior jurisdiction. It cannot be in-
sisted, that any such practice, sanctioned by law, could
obtain before justices of the peace in our Territory, who
have jurisdiction by statute in actions of forcible entry
and detainer. If the full extent of power, which a plaintiff
and sheriff may exercise under the writ of possession in
ejectment, is claimed for the plaintiff and sheriff under
the writ of restitution in forcible entry and detainer, then
the same prompt relief should be at hand for those who
may be affected by an abuse of this power.

If there be no obvious reason why the law and practice
under the writ of possession in ejectment should apply
to proceedings on a writ of restitution in forcible entry and
detainer, but very good reasons against it, the courts
should refuse its application. The plaintiff in this case

has his remedy, if, as he alleges in his declaration there are other persons occupying houses on the premises, and he can show that they, or either of them, forcibly entered and dispossessed him, the action of forcible entry and detainer is open, and he may bring as many actions as he thinks he can sustain by proof. Courts should not encourage any party to do by indirect means that which may be done by pursuing the plain provisions of law.

We affirm the judgment of the district court with costs.