WALKER, Appellant, vs. BACKUS HEATING COMPANY and others, Respondents.

*September 11 — September 28, 1897.*

*Appeal: Interlocutory injunction.*

1. An order granting or dissolving an interlocutory injunction is a discretionary order, and will not be disturbed on appeal unless it appears to be an abuse of discretion.
2. An interlocutory injunction, granted without notice to the defendants, upon the plaintiff's affidavit alleging that the defendants had conspired to injure plaintiff's business as dealer in gas burners, etc., by stating that one of the defendants owned a valuable patent in gas burners which the plaintiff was infringing, and that

purchasers from the plaintiff would be liable to suit for such in-
fringement; and denying the truth of such statement of defend-
ants, *held* to have been properly dissolved upon defendants' affi-
davits which denied all the material averments in the plaintiff's
.affidavits, and alleged in positive terms that the defendants owned
the alleged patent and that the goods sold by the plaintiff were an
infringement thereon.

APPEAL from an order of the circuit court for Milwaukee
county: D. H. JOHNSON, Circuit Judge. *Affirmed.*

The appeal is from an order which dissolves an interlocu-
tory injunction. The plaintiff is a dealer in incandescent gas
burners, mantels, and appliances. The defendant the *Backus
Heating Company* is a rival dealer in like goods, which it
purchases from the defendant the *Welsbach Light, Company.*
The defendant *Lawrence* is the manager of the *Backus Heat-
ing Company.*

It is alleged that the defendants have conspired and con-
federated together to injure the plaintiff's business; that,
with that end in view, they have reported and given out
that the defendant the *Welsbach Light Company* is the owner
of valuable patents on incandescent gas burners; that the
gas burners and mantels therefor which are sold by the
plaintiff are infringements on such patents; that those who
purchase and use the goods sold by the plaintiff are liable to
be sued for the infringement upon such patents; and that
the defendants had printed, and were sending out and dis-
tributing among the plaintiff's customers and prospective
customers, printed letters and circulars which threaten all
users of such goods sold by the plaintiff with suits for the
infringement on such patents. And the plaintiff avers that
it is not true that the *Welsbach Light Company* has a patent
upon such goods as the plaintiff is selling, but that its pat-
ents have expired and are no longer in force. The relief
asked in the action is a perpetual injunction to restrain the
defendants absolutely and perpetually from sending out or

Walker vs. Backus Heating Co. and others.

publishing any verbal or written threats of infringement. suits, and any slander of the goods and wares of the plaintiff.

The interlocutory injunction was granted on plaintiff's affidavit, and without notice to the defendants. Some material averments of plaintiff's affidavit are based upon information and belief only. The motion to dissolve the injunction was also based upon affidavits. These affidavits contain denials of all the material averments contained in the plaintiff's affidavit, positive in form and based upon knowledge. Such affidavits allege, in positive terms and form, the ownership of such alleged patents by the *Welsbach Light Company*, and that the goods sold by the plaintiff are an infringement thereon. On this motion the court dissolved the interlocutory injunction, and the plaintiff appeals.

For the appellant there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas*, and oral argument by *E. H. Bottum*.

For the respondents *Backus Heating Co.* and another there was a brief by *Miller, Noyes, Miller & Wahl*, and oral argument by *B. K. Miller, Jr*.

NEWMAN, J. The order which grants or dissolves an interlocutory injunction is a discretionary order, and will not be disturbed on appeal unless it shall appear to be an abuse of judicial discretion. High, Injunction, §§ 11, 1467.

It is a well-settled rule of general application, that when all the material allegations upon which the equities of the case rest are fully met and denied, without evasion or equivocation, by the answer or the affidavits upon which the motion to dissolve is based, the injunction will be dissolved. High, Injunctions, § 1505. It is necessary that such facts only as constitute the equity of the case be so denied. Id. The motion may be based on the sworn answer alone, or upon affidavits, or upon both the answer and affidavits. R. S. Wis. sec. 2781; 2 Wait, Prac. 115. On such motion the court must decide whether, upon the facts presented, the injunc-

tion should have been granted, and, in case of doubt, give the defendant the benefit of that doubt.   2 Wait, Prac. 116, and cases cited.

Evidently the defendants did not go beyond their rights, if in truth the *Welsbach Light Company* owns subsisting patents on which the goods handled by the plaintiff are infringements.   So, the equity of the case rests upon the question whether the goods handled by plaintiff are in fact infringements of subsisting patents controlled by the defendants.   Both the subsistence of the patents and the infringements are directly affirmed by the defendants and denied by the plaintiff.   It is manifestly unsuitable that such questions be decided upon conflicting affidavits alone.   And it is not clear that the determination of such questions is within the competency of state tribunals.   *Continental Store Service Co. v. Clark*, 100 N. Y. 365.   The ultimate question may be whether the plaintiff's goods are in fact infringements on the defendants' patents.   The more appropriate if not exclusive jurisdiction to determine that question is in the United States tribunals.   Even in those courts, when the fact of infringement is fully denied by the answer and affidavits, and the fact is doubtful on the papers presented, the court will withhold relief by interlocutory injunction, and leave the matter to be determined at the trial.   High, Injunction, § 975.   This is, no doubt, the safer and better practice.   Besides, a court of equity should not interfere in such a case until the controverted questions are settled by a verdict in a court of law.   *Flint v. Hutchinson Smoke Burner Co.* 16 L. R. A. 243, and the cases cited in the notes.   This seems to be the rule as held in the more recent cases in this country.   The order which dissolved the interlocutory injuction was not an abuse of discretion.

*By the Court.*— The order of the circuit court is affirmed.