ANNA B. FILLMAN, Appellant, v. S. SHERWOOD, Appellee.

**FORCIBLE ENTRY AND DETAINER:** Statute of Limitation.  A landlord, in declaring a forfeiture of a lease, may, instead of making the forfeiture *instantly* effective, make it effective at the termination of the first following rent-paying period, even though such future date is more than 30 days after the day on which the notice of forfeiture is served.  By so doing, the landlord does not convert the tenancy into a tenancy at will—does not subject his action of forcible entry and detainer to the plea that it is barred because of the tenant's 30-day possession.

*Appeal from Des Moines Municipal Court.*—T. L. SELLERS, Judge.

SEPTEMBER 27, 1921.

REHEARING DENIED JANUARY 17, 1922.

ACTION of forcible entry and detainer, to recover possession of land.  Judgment for defendant, and plaintiff appeals.—*Reversed.*

*Ralph L. Read* and *Paul Hewitt,* for appellant.

*George F. Brooks* and *F. T. Van Liew,* for appellee.

WEAVER, J.—Plaintiff's intestate, G. W. Fillman, by contract in writing leased the land to Sherwood for one year from March 1, 1917, with an option for renewal of same for an additional period of four years.  The option was exercised, and

defendant continued in possession during the succeeding years of 1919 and 1920. The agreed rate of rental was $525 per year, payable each year, $100 on March 1st, $200 on September 1st, and $225 on the 1st of January following. The lease also contained a clause as follows:

"And it is further agreed that if the lessee shall fail to pay his rent, as herein provided, and at the times herein stipulated, or shall make default in any of the covenants herein contained, he shall forfeit all his rights under this lease, and the lessor, by himself or his agents, may at his option take immediate possession of said premises, and may recover such possession by action of forcible entry and detainer; and that at the expiration of this lease, he will without further notice of any kind, quit and surrender the occupancy and possession of said premises."

The lessor, G. W. Fillman, is now deceased, and the plaintiff herein, in her own right and as administrator of the estate of the deceased, has succeeded to his rights in the premises. The defendant failed to pay the installments of rent falling due September 1, 1919, and January 1, 1920. On January 8, 1920, said past-due rent being still unpaid, the plaintiff gave defendant written notice of her election to cancel the lease, and demanded that defendant remove from the property on or before the following March 1st. On or about March 1, 1920, plaintiff served defendant with further notice to quit within three days. This notice not being complied with, this action for possession was begun, March 5, 1920.

The defendant admitted his possession, but denied the expiration or cancellation of his lease. He further pleads affirmatively that he was in peaceable possession of the leased property with plaintiff's knowledge for more than 30 days after the accrual of plaintiff's cause of action, and before suit was brought, and that her right to maintain this action is therefore barred. He further answers argumentatively that, if his lease was terminated or canceled because of his failure to pay rent, he thereby became a tenant at will, and that such tenancy can be terminated only by 30 days' notice, which has not been given.

On trial to the court, it found the facts substantially as hereinbefore stated, and held that, by the plaintiff's service of

notice of forfeiture in January, 1920, she became entitled at once to terminate the defendant's possession by an action of forcible entry and detainer; but that, since she failed to do so, and permitted the defendant to remain in peaceable possession until on or about March 1st, he acquired the rights of a tenant at will, thereby barring the plaintiff's right to maintain this action until such tenancy at will has been terminated. From this judgment the plaintiff appeals.

The statute provides that an action of this character will lie, where a lessee holds over after the termination or contrary to the terms of his lease (Code Section 4208); but before the action can be brought, three days' written notice to quit must be given the tenant (Code Section 4210). It is further provided (Code Section 4217) that:

"Thirty days' peaceable possession with the knowledge of the plaintiff after the cause of action accrues is a bar to this proceeding."

The single question presented by this appeal is whether the fact that defendant was allowed to remain in possession after the notice of forfeiture in January until March 1st brings this action within the effect of the quoted statutory limitation. If the notice of forfeiture was calculated or intended to effect an instantaneous termination of the lease and of all defendant's rights under it, the question might fairly arise whether 30 days' delay, leaving the tenant in peaceable possession, would not bar the right to maintain a forcible entry proceeding. But the notice in this case was not of that character. It states plaintiff's election to declare a forfeiture, but it was, in effect, a forfeiture which was to become effective March 1st. That was the date when the yearly rental period would terminate; it was the date to which the January installment of rent, if paid, would entitle defendant to continue in possession; and it allowed him a reasonable period of grace in which to obtain other leasehold or other property for the succeeding year if he so desired. If plaintiff, moved by a sense of fairness or other sufficient reason, tempered her declaration of forfeiture by making it effective at the end of the rental year, it would be an abuse of both the letter and the spirit of the statute to make the favor so shown a reason for keeping her out of possession at the expiration of

the stated period. It was suggested by the trial court that it was open to the plaintiff, having given her notice of forfeiture, to proceed at once, or at any time within 30 days, to begin forcible entry proceedings. We think such was not the case, and that, had plaintiff acted on such theory, appellee would have had a ready and sufficient defense by pleading the terms of the notice of forfeiture, which did not become effective until March.

Somewhat analogous in principle is the rule that a tenancy ends at the time fixed in the notice to quit. *Smith v. Detroit L. & B. Assn.*, 115 Mich. 340; *Wray-Austin Mach. Co. v. Flower*, 140 Mich. 452 (103 N. W. 873). There can be no doubt that, under the terms of the lease, plaintiff could rightfully terminate it, and name the close of the current rental year as the point of time at which she would demand a surrender of the possession; and such being the case, the statutory limitation upon suits of this character was not available to the defendant.

It was made to appear in evidence that plaintiff had brought another action to recover the unpaid rent, and had obtained judgment thereon, and that there was some tender of payment, or, perhaps, actual payment of the amount recovered. Whatever be the facts in that regard, we are unable to see how it affects the rights of the parties in this proceeding. The terms of the lease are not in dispute, and it is not denied that defendant was in default for at least two installments of rent, or that a notice of forfeiture was given. In our opinion, plaintiff was entitled to judgment for the possession of the property, and the court erred in holding otherwise. The judgment is reversed and cause remanded, with directions to enter judgment for the plaintiff in accordance with the views expressed in this opinion.—*Reversed.*

EVANS, C. J., PRESTON and DE GRAFF, JJ., concur.