# CASES DETERMINED

AT THE

# August Term, 1922.

---

Lancaster, Appellant, vs. Borkowski and another,
Respondents.

*November 8—December 5, 1922.*

*Landlord and tenant: Sublessees: Ejectment of lessee: Effect on
privies and assigns: Order denying judgment on pleadings:
Appealability: Injunction to restrain execution of judgment.*

1. Under sec. 3069, Stats., an order denying a motion for judgment on the pleadings is not appealable, as it does not determine the action or prevent a judgment from which an appeal might be taken.
2. Granting an injunction *pendente lite* rests in the sound judicial discretion of the trial court.
3. All parties entering on land after unlawful detainer is brought for its recovery are in possession in subordination to defendant and equally liable to removal under the writ against him, including members of his family, his servants, and tenants at will or sufferance.
4. While a judgment in an action of unlawful detainer is binding on the parties thereto and their privies, persons in possession of the premises under a claim of right prior to the commencement of the action and not made parties thereto, their tenants and agents, are not bound by the judgment and cannot be ousted under the writ, "privies" being those who hold by, through, from, or under a party by some right acquired subsequent to the commencement of the suit.
5. While plaintiff, claiming possession of leased premises under a sublease executed prior to the commencement of an action in unlawful detainer by purchasers from the lessor, cannot be ejected unless the sublease is a mere subterfuge, his rights as a subtenant or assignee of the lessee cannot rise superior to those of the latter, and hence he cannot invoke the

jurisdiction of a court of equity to restrain the enforcement of the judgment, though not made a party to the action, where the lease reserved to the lessor the right to terminate the tenancy on the sale of the premises.

APPEAL from two orders of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

It appears from the complaint that on July 7, 1919, one Marie L. LaGrand was the owner of certain premises known as 517 Harmon street in the city of Milwaukee, and on that day leased the premises to one Magdalena L. Langen for the term of five years beginning the 1st day of August, 1919. The said Magdalena Langen went into possession of said premises on or about the 9th day of July, 1919. On the 22d day of March, 1921, Magdalena Langen made, executed, and delivered to the plaintiff a sublease of said premises, which referred to the lease between Marie La-Grand and Magdalena Langen and contained a clause to the effect that the plaintiff would "abide by the covenants of the lease aforementioned" and other covenants.

That on the 22d day of March, 1921, the plaintiff purchased from Magdalena Langen the furniture in the premises, went into possession of the premises, and has been in possession thereof from said date until the present time. It further appears that the plaintiff has paid the rent reserved in the lease as the same became due.

It also further appears that on or about the 15th day of October, 1921, the defendant *Patrick McManus,* sheriff of Milwaukee county, purporting to act pursuant to a writ of restitution issued out of the civil court of Milwaukee county, entered as of the 14th day of October, 1921, in an action of forcible entry and unlawful detainer begun and prosecuted under the provisions of sec. 3358, Stats., wherein the defendant *Frank Borkowski* is named plaintiff and Magdalena Langen is named defendant, and pursuant thereto, threatened to dispossess the plaintiff and his subtenants

and to put plaintiff's furniture in the public streets of the city of Milwaukee if the same were not removed within twenty-four hours.

The plaintiff further alleges that he was undertenant of Magdalena Langen; that no notice of any kind was served upon him nor was he served with a summons or any other notice from the plaintiff in the case wherein *Frank Borkowski* was plaintiff and Magdalena Langen was defendant. Other matters are alleged not material here, and the prayer of the complaint is that the defendant *McManus* be restrained from executing the writ of restitution and that *Frank Borkowski* be absolutely restrained from proceeding under the judgment in the unlawful detainer action.

The defendant *Borkowski* answered admitting the allegations as to the execution of the lease by Marie LaGrand to Magdalena Langen; admits that Magdalena Langen went into possession of the premises and that the premises in question were used as a rooming house; denies knowledge or information sufficient to form a belief as to whether Magdalena Langen had executed a lease to the plaintiff. The answer admits the placing of the writ of restitution in the hands of *Patrick McManus* as sheriff and that said *McManus* had threatened to dispossess plaintiff and his tenants; admits that the plaintiff and his tenants have not been dispossessed; admits that the plaintiff was not a party to the action in the unlawful detainer action; alleges that it was not necessary for *Borkowski* to make the plaintiff defendant in that action and admits no summons or notice was served upon the plaintiff. The answer further alleges the execution and delivery of the lease by Marie LaGrand to Magdalena Langen and alleges that among other provisions said lease contained the following:

"Marie LaGrand, her respective heirs, executors, administrators and assigns, shall have the right to sell said premises at any time upon giving a ninety-days notice to the lessee terminating said lease, and said lessor paying to said lessee

as liquidated damages the sum of $50, for each and every year that said lease has to run from the termination of said tenancy."

That on April 30, 1921, Marie LaGrand sold and conveyed to the defendant *Borkowski,* by warranty deed, said leased premises; that ever since that time *Borkowski* has been and still is the owner thereof and entitled to all the rights of the said Marie LaGrand in and to said premises; that on April 30, 1921, Marie LaGrand caused written notice to be served upon Magdalena Langen in the manner provided by statute, informing her of the fact that said premises were sold and notifying said Magdalena Langen that said lease would terminate at the end of ninety days from the date of the service of said notice, and offering to pay to Magdalena Langen the sum of $50 for each of the remaining years during which said lease had to run, and notifying said Magdalena Langen to vacate the premises upon the expiration of the ninety days; that the said Magdalena Langen failed to vacate the premises upon the expiration of ninety days and tender of $200, and on September 2, 1921, the defendant *Borkowski* began an action of unlawful detainer in the civil court of Milwaukee county; that said action was tried before the court and a jury, and judgment was entered in said action finding and determining that Magdalena Langen was unlawfully detaining the premises from the defendant *Borkowski;* that judgment was entered on October 14, 1921, and a stay of execution was further granted for ten days from November 13, 1921; that upon the execution of the stay the court issued a writ of restitution directing the sheriff of Milwaukee county to remove the occupants of said premises and that the sheriff of Milwaukee county still has in his possession the writ of restitution and has made demand upon Magdalena Langen and those persons occupying said premises to vacate the same; that no appeal has been taken from said judgment, and that the plaintiff in this action, *Fred Lancaster,* was an

employee of Magdalena Langen, and that he was to receive for his services as such employee the use of a certain part of the premises for himself and his family; that all persons in possession of the premises, as roomers, employees, or otherwise, claim the right of possession by, through, or under Magdalena Langen and occupy the premises subject to the conditions contained in the lease made by Marie La-Grand to said Magdalena Langen dated July 7, 1919.

The defendant *McManus* also answered. The allegations contained in his answer are not material upon the issues raised here. There was a temporary injunction by a court commissioner restraining and enjoining the defendants, their agents or servants from molesting the plaintiff or his property by virtue of the writ of restitution, and upon motion to make the temporary injunction permanent the motion was denied and the temporary injunction dissolved. The plaintiff thereupon moved for judgment upon the pleadings and requested that the court make findings of fact and conclusions of law thereon. This motion was denied. The plaintiff appeals from both orders.

For the appellant the cause was submitted on the brief of *F. P. Hopkins* of Milwaukee.

For the respondent *Borkowski* there was a brief by *Friedrich & Hackbarth* of Milwaukee, and oral argument by *Otto G. Hackbarth*.

ROSENBERRY, J. The order denying plaintiff's motion for judgment on the pleadings is not an appealable order. It does not in effect determine the action or prevent a judgment from which an appeal might be taken. Sec. 3069, Stats.

There remains for consideration the issues raised by the appeal from the order dissolving the temporary injunction. The granting of an injunction *pendente lite* is a matter resting in the sound judicial discretion of the trial court. *Ward v. Sweeney*, 106 Wis. 44, 82 N. W. 169; *Walker v.*

*Backus H. Co.* 97 Wis. 160, 72 N. W. 230; *Gimbel Bros. v. Milwaukee Boston Store,* 161 Wis. 489, 154 N. W. 998.

The equities in this case depend upon the conclusiveness of the judgment in the action of unlawful detainer upon persons claiming under the defendant in that action. It seems to be well established that all parties entering upon land after suit is brought for its recovery are in possession in subordination to the defendant and are equally liable to be removed under the writ against him. This includes the defendant, all members of his family, together with his servants, and tenants at will or sufferance. 3 Freeman, Executions (3d ed.) § 475; note in 15 Am. St. Rep. 59.

However, persons in possession of the premises prior to the commencement of the action, claiming the right of possession, who are not made parties to the action, their tenants and agents, are not bound by the judgment and cannot be ousted under the writ. *Wray-Austin M. Co. v. Flower,* 140 Mich. 452, 103 N. W. 873; *Clark v. Parkinson,* 10 Allen (92 Mass.) 133; note in 15 Am. St. Rep. 61; 2 Tiffany, Landl. & T. 1740.

While a judgment in an action of unlawful detainer is binding upon the parties thereto and their privies, privies are those who hold by, through, from, or under a party by some right acquired subsequent to the commencement of the suit. *Hart v. Moulton,* 104 Wis. 349, 80 N. W. 599; 23 Cyc. 1253.

If the plaintiff is in fact an employee of Magdalena Langen, acting for and on her behalf, and the alleged lease is a mere subterfuge, it would be the duty of the sheriff to eject the plaintiff from the premises as an employee. If the allegations contained in the complaint are true and the plaintiff is in fact a subtenant of Magdalena Langen, claiming under a lease executed prior to the commencement of this action, then the defendant *Borkowski,* plaintiff in the unlawful detainer action, cannot require the sheriff to eject him from the premises. *Drum v. Holton,* 1 Pin. 456.

However, upon the undisputed facts appearing by the pleadings in this case Marie LaGrand had a right to terminate the tenancy upon the sale of the premises, and although the plaintiff here was not made a party defendant in the unlawful detainer action it appears that he wrongfully withholds the possession of the premises from *Borkowski.* As a subtenant or assignee of Magdalena Langen the plaintiff's rights cannot rise superior to hers. We see no ground upon which one so situated may properly invoke the jurisdiction of a court of equity to restrain the enforcement of a judgment. It comes under no head of equity jurisprudence to which we are cited. It would be a novel proposition indeed if a litigant could successfully invoke the jurisdiction of a court of equity in order to maintain himself in a position which he wrongfully occupies. Certainly it cannot be said that under the circumstances appearing in this case there was any abuse of judicial discretion in refusing to make the temporary injunction permanent and in dissolving the temporary injunction.

*By the Court.*—The orders appealed from are affirmed.