VÍCTOR HONORÉ, Plaintiff and Appellee, *v.* HIPÓLITO VARGAS, Defendant and Appellant.

No. 3479. Argued March 3, 1925.—Decided April 24, 1925.

1. UNLAWFUL DETAINER—HUSBAND AND WIFE—JOINT OWNERSHIP—POSSESSION.— Unlawful detainer does not lie against a husband living with his wife and holding material possession of a house situated on the property claimed when the wife is a joint owner of the property and is not made a party to the action of unlawful detainer.

2. ID.—TENANCY AT SUFFERANCE—PLEADING—EVIDENCE.—When the allegations of a defendant are not wholly without merit and there is some evidence tending to show that his tenancy is not at sufferance the controversy thus arising should be tried in an ordinary action and not within the limits of an action of unlawful detainer.

District Court of Mayagüez, Angel Acosta, J. Judgment for the plaintiff in an action of unlawful detainer. *Reversed.*

*Alemañy & Ramírez* for the appellant. *Angel A. Vázquez* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

This is an action of unlawful detainer wherein the plaintiff alleges as a cause of action that the defendant is in possession at sufferance of a certain house situated on a property of 26 acres described in the complaint, without paying any rent, that is, by the mere tolerance of the plaintiff.

The defendant denied the material allegations of the complaint and set up as special defenses the following:

"I. That Manuel de Jesús Rivera y Ramírez and Eugenia Ramírez were married in the town of Cabo Rojo on July 2, 1870.

"II. That during his wedlock with Eugenia Ramírez, or in the year 1872, Jesús Rivera y Ramírez purchased from María Acevedo de Ramírez the property described in the first paragraph of the complaint, on which was situated the house mentioned in the description of the said property.

"III. That Eugenia Ramírez Acevedo died intestate in Cabo Rojo on May 20, 1894, and this District Court of Mayagüez, by an order made on February 8, 1924, in civil case No. 10,328, it being proceedings for declaration of the heirs of the said decedent, designated her legitimate children Gavino, Eduvigis, Lorenzo, Eugenia María Justa, Juan de Mata and Nicasio Rivera y Ramírez as her

sole and universal heirs, together with widower Manuel de Jesús Rivera y Ramírez as usufructuary of the portion determined by law.

"IV. That at the time of the death of Eugenia Ramírez the property formed part of the conjugal property of the community existing between her and her husband, Manuel de Jesús Rivera y Ramírez, and by reason of her death her interest in the said property, which was an undivided interest of one-half thereof, passed to her heirs, who are at present its owners and possessors.

"V. That the defendant and his wife, Eugenia María Justa Rivera y Martínez, are living in one of the houses situated on the said property as coowners thereof for the reason that his wife is a legitimate daughter and one of the heirs of the deceased Eugenia Ramírez y Acevedo, who together with her husband Manuel de Jesús Rivera y Ramírez formed the conjugal partnership to which the property belonged in its entirety."

The defendant introduced evidence which tended to prove all of the allegations of his defense. There was evidence also that Manuel de Jesús Rivera y Ramírez was married a second time, in 1899, to Candelaria Ramírez y Montalvo and that in 1906 he recorded the property under dominion title proceedings, it being clearly stated in the proceedings that he had acquired it in 1872 by purchase from María Acevedo Ramírez. Notwithstanding this, it appears that the second wife gave her consent to the various transactions made by Rivera with the property, including the creation in favor of the plaintiff of a mortgage which was foreclosed, the property being sold at public auction to the plaintiff.

The two questions for consideration are the following: Whether the defendant can be evicted from a property in which his wife has a joint interest as her separate property when she was not made a party to and had no intervention in the proceedings. And if not, whether the evidence of the defendant in any manner tends to show that his tenancy is not at sufferance.

[1] As to the first question, the wife not living apart from the husband but both living together and enjoying the

material possession of the house situated on the property, if we were to decide that because of the failure to join her and because she did not intervene in the proceedings she can not be evicted, then it would be an absurdity to execute the order of ejectment by evicting only the husband, for this would involve the physical separation of husband and wife and that can be done only by death or by any one of the causes specified by law. And if on the other hand the allegations and evidence of the defendant were to be considered worthless, then the judgment of eviction would include the wife.

"In executing a writ or warrant of possession the officer is authorized and bound to put plaintiff in possession by removing defendant and all persons in possession who are in privity with him or whose rights in the premises are dependent upon, and subordinate to, his rights, such as members of his family, guests, agents, servants, and the like, but not a person who is neither a party nor in privity with a party. Also the proper execution of the writ requires the removal of defendant's personal property from the premises." 36 C. J. 671.

Paragraph (*a*) of note 91 on the same page reads as follows:

"(*a*) 'Privies' (1) are those who hold by, through, from or under a party by some right acquired subsequent to the commencement of the suit. Lancaster v. Borkowski, 179 Wis. 1, 190 N. W. 852. (2) Persons who are in possession of the premises prior to the commencement of the action, claiming the right to possession and who are not made parties to the action, can not be ousted under the writ. Lancaster v. Borkowski, supra."

[2] Regarding the effects of the evidence, it has been the constant and uniform doctrine of this court that when the allegations of a defendant are not wholly unsupported by evidence and there is some proof which, even though apparently, indicates that his tenancy is not at sufferance but as owner, then an issue arises which must be ventilated in the broad proceedings of an ordinary action and not within the restricted limits of the summary action of unlawful de-

tainer. *Torres et al.* v. *Pérez,* 18 P.R.R. 557; *Gandía* v. *Cabán,* 22 P.R.R. 773; *Sucs. of Casanova & Co.* v. *Ramírez et al.,* 25 P.R.R. 581; *Nazario* v. *Almodóvar et al.,* 26 P.R.R. 291; *Succession of Colón* v. *Colón et al.,* 27 P.R.R. 81; *Fajardo Sugar Co.* v. *Torres,* 27 P.R.R. 337; *Andino* v. *Canales,* 27 P.R.R. 262, and *Rosado et al.* v. *Delgado,* 29 P. R. R. 84.

In the present case the evidence leads to the conclusion that the allegations of the defendant are not entirely unsupported and, without unnecessarily going into the merits of the evidence, we hold that the apparent conflict which it presents should be raised and decided in the broad field of an ordinary action.

For the foregoing reasons the judgment must be reversed and substituted by another dismissing the complaint without costs.

Mr. Justice Wolf dissented.