MALZAHN, Respondent, vs. TEAGAR, Appellant.

*September 11—October 8, 1940.*

634

For the appellant there was a brief by *George B. Heaney* of Berlin, attorney, and *Cecilia Doyle* and *T. L. Doyle* both of Fond du Lac of counsel, and oral argument by *Mr. Doyle* and *Miss Doyle.*

For the respondent there was a brief by *Brazeau & Graves* of Wisconsin Rapids, and oral argument by *Ray B. Graves.*

FAIRCHILD, J. Appellant pleads that she is the owner in fee of the land in question subject to the life estate in Clarence Kutchin. Her rights, if any, are derived through her marriage to Theodore Kutchin who was a possible remainderman, she claiming that the remainder vested in Theodore before his death, and that she is his only heir. This plea was rejected by the circuit court which held that the remainder was contingent at the time of Theodore's death and being thus suspended the devise failed as to him. The correctness of that construction of the will, in view of the conclusion reached, determines the result of this appeal.

Amanda Kutchin died December 4, 1901. Her will was duly admitted to probate by decree of the county court of Green Lake county as recited in the statement of facts, and was duly recorded. The will disposed of real estate in the northwest quarter of the northwest quarter of section 22, township 16 north, range 13 east, by a specific devise and disposed of real estate in the northwest quarter of the southwest quarter of the same section by a residuary clause. It now appears that the scrivener confused the two pieces of land and placed the descriptions in the wrong clauses. It was the intention of the testatrix to give her son Clarence some land in fee simple and a life estate in other lands. The error of the scrivener appears when consideration is given to the use of the words "my present homestead" in connection with the land improperly described as being in the northwest quarter of the northwest quarter. It is now conceded that testatrix never owned the land described by the specific devise and that the homestead was in the northwest quarter of the *southwest* quarter. It has been concluded that it was the testatrix's intention to grant a life estate in the land owned by her and used as her homestead in the southwest quarter.

It is the ownership of the land in the southwest quarter which is here involved. The misdescription was not called to the attention of the court until upwards of thirty-five years after the instrument was admitted to probate and recorded as a valid will. In the meantime, on October 20, 1920, the respondent, relying upon the record as it then stood, made his purchase of the premises in question which he supposed had passed under the residuary clause of the will in fee simple to Clarence. There is no room for questioning the good faith of respondent or that he is an innocent purchaser for value. The clauses of the will related to the appellant's claim were construed by the county court

in 1938 as though the remainder had vested in Clarence's son Theodore upon the death of Theodore's mother Emily. In the circuit court it was determined that the remainder was still contingent and had not vested.

The reading of the whole will shows an intention on the part of the testatrix to prevent the vesting of the remainder until after the termination of Clarence's life estate. The controlling element in a construction of this will is the fact that the testatrix granted a life estate to Clarence and suspended the vesting of the remainder by the use of the words "in the event of his decease" in connection with the clauses which read in default of such living child or children. That default is related directly to a time indicated by the words "in the event of his decease," and that when this contingency happens in default of living child or children of Clarence the estate "shall go, with like effect, to my son Victor, and to his child or children then living in case of his decease. If said Clarence and Victor both die, leaving no child or children," then the remaindermen are provided to be the daughter and other sons.

Vesting of a life estate in Clarence's wife or of the remainder in anyone could not occur until after Clarence's death. The language of the will can be given its true effect only by construing the considered provisions to mean that the children of Clarence succeed to the title only after the termination of the estate of the father and mother if she survived him. It seems to be clear as stated in the brief of the respondent that it is as though the will had read: "I give a life estate to my son Clarence and thereafter to his wife Emily, and thereafter vest the remainder" in certain heirs of the testatrix's blood then surviving.

The county court proceeding referred to was had without giving the respondent any notice thereof, and as he was not a party it is elementary that he is not bound by the ruling there made. 34 C. J. p. 756, § 1165. He was not a

party to the action nor in privity with a party thereto, because his interest was acquired *before* the county court proceeding to construe the will. *Lancaster v. Borkowski,* 179 Wis. 1, 190 N. W. 852. His title first came under attack some seventeen or eighteen years after he made a good-faith purchase and the only time the will was presented in any court in any proceeding to which he was a party to challenge his ownership was in the case at bar. Title to real estate passes by will, when duly probated, and not by decree of the court. *Estate of Ross,* 181 Wis. 125, 194 N. W. 151. Therefore, the circuit court properly entered upon a construction of the will as an original proposition to determine its effect upon the respondent's title.

Appellant's claim is based on the fact that she was the wife of Theodore Kutchin who would have taken the fee had he survived his father. But since Theodore predeceased his father and thereby prevented the vesting of this contingent remainder in him, his heir at law, the appellant here, is precluded from claiming any interest in this land. *Ford v. Ford,* 70 Wis. 19, 33 N. W. 188; 23 R. C. L. p. 523, § 63.

This conclusion leaves the appellant without cause for claiming an interest adverse to the respondent, and entitles him to the relief asked for as against her. The record shows him to be the owner by deed conveying all the rights of possible remaindermen. It is unnecessary to pass upon the question as to whether the probate of the will and its recording was a sufficient protection of respondent's title and a decision upon that question is reserved.

*By the Court.*—Judgment affirmed.